IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN STEADMAN,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO,[1]<br><br>    Defendant. | 1:24-CV-00305-CCW |

**OPINION AND ORDER**

Before the Court are cross motions for summary judgment. ECF Nos. 6, 10. For the reasons set forth below, the Court will DENY Defendant's Motion and GRANT Plaintiff's Motion insofar as he seeks remand for further administrative proceedings.

**I.    Background**

Plaintiff filed an application for supplemental security income benefits ("SSI") pursuant to Subchapter XVI of the Social Security Act ("Act"), 42 U.S.C. § 1381 *et seq.*, on June 10, 2022, alleging disability beginning June 2, 2022. (R. 99–100). Plaintiff sought a hearing after his application was initially denied and appeared telephonically for a hearing before an Administrative Law Judge ("ALJ") on August 10, 2023. (R. 122). On January 31, 2024, the ALJ found Plaintiff to be not disabled and denied his SSI application. (R. 27). The Appeals Council denied Plaintiff's request for review, which caused the ALJ's decision to become the final agency determination of Plaintiff's disability. (R. 1–3).

Plaintiff now seeks review in this Court and asks the Court to remand this matter for further administrative proceedings. ECF No. 7 at 17.

---

[1] Frank J. Bisignano is substituted as the defendant in this matter pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g). The clerk is directed to amend the docket to reflect this change.

## II.    Standard of Review

For legal questions, the Court's review is plenary. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). The Court reviews the ALJ's fact finding for "substantial evidence." *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019) (quoting 42 U.S.C. § 405(g)). The evidentiary threshold for "substantial evidence" is "not high." *Id.* at 103. It demands only that an ALJ's findings be supported by "such relevant evidence as a reasonable mind might accept as adequate[.]" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla but may be somewhat less than a preponderance of the evidence[.]" *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (quotation omitted). If, upon review of the record as a whole, *Schaudeck*, 181 F.3d at 431, the Court determines that the ALJ's findings are supported by substantial evidence, the Court is bound by those findings even if it would have decided the case differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis[,]" the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review. *Jones v. Barnhart*, 364 F. 3d 501, 505 (3d Cir. 2004). The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter v. Harris*, 642 F.2d. 700, 705 (3d Cir. 1981). Stated differently, the ALJ "must provide at least a glimpse into his reasoning[,]" and "build an accurate and logical bridge between the evidence and the result." *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (citations omitted).

An ALJ's determination of disability proceeds in five steps. 20 CFR § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, Subpt. P., Appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. *Bryan v. Comm'r of Soc. Sec.*, 383 F. App'x. 140, 144 (3d Cir. 2010) (citing 20 C.F.R. § 416.920).

The inquiries at steps four and five require the ALJ first to formulate a claimant's residual functional capacity ("RFC"), which is "the most [a claimant] can still do despite [his or her] limitations" from "medically determinable impairments" including those that are non-severe. 20 C.F.R. §§ 416.945(a)(1)–(2), (5). The ALJ's formulation of a claimant's RFC must be "based on all the relevant evidence in [the claimant's] case record," *id.* § 416.945(a)(1), and it must include all limitations that a claimant proves to be credible. *See Salles v. Comm'r of Soc. Sec.*, 229 F. App'x. 140, 147 (3d Cir. 2007) ("[T]he ALJ need only include in the RFC those limitations which he finds to be credible."). The RFC is an administrative finding, not a medical opinion, which is reserved exclusively to the ALJ. 20 C.F.R. § 416.920b(c)(3)(vi). The claimant bears the burden of proof for the first four steps, and the Commissioner bears the burden of proof at step five. *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). Where an ALJ has articulated reasoning supporting a credibility determination, that determination is entitled to "great deference." *Horodenski v. Comm'r of Soc. Sec.*, 215 F. App'x. 183, 188–89 (3d Cir. 2007) (quoting *Atl. Limousine, Inc. v. NLRB*, 243 F.3d 711, 718 (3d Cir. 2001)).

### III. The ALJ's Decision

The ALJ first found that Plaintiff had not engaged in substantial gainful activity since the date of his application for benefits. (R. 19). Next, the ALJ found that Plaintiff had fourteen severe,

3

medically determinable impairments: degenerative disc disease, right shoulder impingement syndrome, osteoarthritis of the left knee, migraine cephalgia, asthma, bilateral hearing loss, tinnitus, type II diabetes mellitus, gastroesophageal reflux disease, obstructive sleep apnea, depression, anxiety, posttraumatic stress disorder, and obesity. *Id.* Still at step two of the five-step evaluation, the ALJ considered Plaintiff's diagnosis of hypertension and determined that it was medically determinable but non-severe. *Id.* At step three, the ALJ found Plaintiff had no impairments that met or equaled criteria for a listed impairment in 20 C.F.R. Part 404, Subpt. P., Appx. 1. (R. 20).

Having resolved steps one and two in Plaintiff's favor, but having found no presumptively disabling impairments at step three, the ALJ next formulated Plaintiff's RFC. The ALJ found Plaintiff to be capable of

> light work as defined in 20 CFR § 416.967(b); the claimant is limited to no more than frequent balancing, occasional crawling, and he may never climb ladders, ropes, or scaffolds; the claimant is limited to no more than frequent overhead reaching with the right upper extremity; the claimant is limited to no more than occasional pushing\pulling with the right upper extremity; the claimant is limited to no more than frequent exposure to dusts, fumes, odors, gases, poorly ventilated environments, as well as extremes of cold, wetness, and loud noise; the claimant must have no exposure to unprotected heights, dangerous moving machinery, or other workplace hazards; the claimant is limited to simple, routine, and repetitive tasks requiring no more than occasional simple decision-making and occasional changes in the work setting; the claimant is limited to no more than occasional interaction with supervisors, coworkers, and members of the general public.

(R. 22).

To arrive at the RFC, the ALJ considered Plaintiff's symptoms (R. 22–23), his treatment records from the relevant period (R. 24–25), consultative medical examinations (R. 25), prior administrative medical findings (R. 25), and evidence of Plaintiff's activities of daily living (R. 23).

At step four, considering Plaintiff's RFC, the ALJ determined that Plaintiff could not perform his past relevant work as a security guard. (R. 26). At step five, relying on vocational expert ("VE") testimony, the ALJ determined that Plaintiff's RFC, age, education, and work experience would permit adjustment to other occupations, specifically a subset of unskilled, light jobs consisting of marker, photocopy machine operator, order caller, document preparer, addresser, and call out operator. (R. 26–27). Because Plaintiff was capable of performing other work that existed in significant numbers in the national economy, the ALJ found him to be not disabled. *Id.*

## IV.   Legal Analysis

First, Plaintiff argues that the ALJ committed reversible error by failing to weigh consultative examiner Dr. Spinks' opinions as to Plaintiff's upper left arm (and then not including left arm limitations, as opposed to right arm limitations, in the RFC). In particular, Plaintiff contends that the ALJ should have adopted parts of Dr. Spinks' opinion limiting Plaintiff to no pushing and pulling and only occasional reaching with both overhead extremities. ECF No. 7. The Court has considered Plaintiff's argument and will remand this matter for further administrative proceedings, primarily because the ALJ's discussion at Step 4 does not sufficiently explain why he did not discuss and/or why he rejected Dr. Spinks' opinions regarding Plaintiff's left arm limitations. The ALJ included the following discussion of Dr. Spinks' evaluation of Mr. Steadman:

> The opinion of the medical consultative examiner that the claimant can occasionally lift up to 100 pounds is unpersuasive in light of the claimant's diagnostic imaging. (Exhibit 5F/6-11). Furthermore, the extreme limitations on the claimant's ability to stand and walk appear internally inconsistent with the claimant's report of daily activities. (Exhibit 5F/3, 7).

(R. 25). Plaintiff asserts that the ALJ's discussion of Dr. Spinks' evaluation is insufficient because it "does not even mention" Dr. Spinks' opinion that Plaintiff has diminished capacity to reach

5

overhead, push, or pull bilaterally, yet in the RFC the ALJ included limitations only for Plaintiff's right arm, not his left arm. ECF No. 7 at 3. Defendant responds that the ALJ's discussion of Dr. Spinks' evaluation is sufficient because the ALJ "unequivocally found [Dr. Spinks'] opinion to be unpersuasive and offered an appropriate explanation for this finding." ECF No. 11 at 1. More specifically, Defendant asserts that the ALJ "was not required to comment individually on each proposed limitation[,]" but rather could provide a source-level discussion of Dr. Spinks' report. *Id.* at 1, 11.

The Court agrees with Plaintiff that, in light of the ALJ's failure to even mention the portion of Dr. Spinks' report regarding left arm limitations, there is insufficient explanation for the ALJ's rejection of that portion of the Spinks report and corresponding failure to include a left arm limitation in the RFC. Defendant is correct that the ALJ was permitted to provide a source-level assessment of the persuasiveness of Dr. Spinks' opinion. *See* 20 C.F.R. § 416.920c(b)(1). But while the ALJ determined that two portions of Dr. Spinks' opinion—regarding Plaintiff's ability to lift up to 100 pounds and Plaintiff's ability to stand and walk—were unpersuasive, the ALJ did not provide a source-level determination as to Dr. Spinks' persuasiveness. (R. 25). And to the extent the ALJ's determination of Plaintiff's left arm limitations conflicted with Dr. Spinks' opinion, the ALJ was required to "give some indication of the evidence which he reject[ed] and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000).

The ALJ's determination that Plaintiff is capable of frequent reaching with his upper right extremity, occasional pushing/pulling with his upper right extremity, and limitless use of his upper left extremity is at odds with Dr. Spinks' opinion that Plaintiff is capable of only occasional reaching or pushing/pulling with either his right *or left* upper extremity. Furthermore, none of the

6

other medical experts the ALJ cited in the RFC opined that Plaintiff enjoys unlimited use of his left arm.[2] Thus, the ALJ was not "choos[ing] between properly submitted medical opinions" when he ascribed no left arm limitations to Plaintiff. *Gober v. Matthews*, 574 F.2d 772, 777 (3d Cir. 1978).

It may be that the ALJ did not find Dr. Spinks' report to be persuasive regarding left arm limitations, or relied on other expert opinions in determining the extent of those limitations, such that Plaintiff's RFC determination was supported by substantial evidence. But the ALJ's opinion does not provide a sufficient "glimpse into his reasoning" on this point, or "build an accurate and logical bridge between the evidence and the result[,]" i.e., the decision that no left arm limitations were necessary in the RFC. *Gamret*, 994 F. Supp. 2d at 698 (citations omitted). The record before the Court thus fails to show that the ALJ "consider[ed] all evidence before him" when he determined Plaintiff's RFC. *Burnett*, 220 F.3d at 121.

Accordingly, the Court will REMAND this case for the ALJ to supplement his discussion of Dr. Spinks' report and the reasons for excluding left arm limitations in the RFC.[3]

## V.  Conclusion

For the foregoing reasons, this matter is hereby remanded to the Commissioner for further proceedings consistent with this Order, pursuant to the fourth sentence of 42 U.S.C. § 405(g).

DATED this 16th day of December, 2025.

---

[2] And, as Plaintiff points out, ECF No. 7 at 3–4 n.2, both DDS experts, including one whom the ALJ determined was persuasive, also opined that Plaintiff has only limited ability to reach overhead bilaterally. (R. 75, 83).
[3] Plaintiff also challenges the ALJ's application of Plaintiff's RFC to the occupational information provided by the DOT and resulting determination that Plaintiff was not disabled. ECF No. 7 at 11. The Court does not rule on that question here but notes that the remand is broad enough for the ALJ to include a review of that issue upon remand to determine if additional discussion of the perceived conflict between the VE testimony and the DOT on these two issues is warranted.

8

BY THE COURT:

<u>/s/ Christy Criswell Wiegand</u>
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record